OPINION
On September 7, 1999, Dennis Knepley filed an appeal to the Franklin County Court of Common Pleas from an order of the Housing Appeals Board of the City of Columbus. The parties eventually agreed to a briefing schedule and a date for filing of the record of proceedings.
The record of proceedings was filed in accord with the agreement of the parties and Mr. Knepley filed a motion requesting to supplement the record. He filed his brief ten days after the agreed date without objection. The City of Columbus filed its own brief in response and Mr. Knepley provided a reply brief.
On July 17, 2000, the trial court journalized a judgment entry affirming the order of the Housing Appeals Board of the City of Columbus. Mr. Knepley has now pursued a further appeal, assigning two errors for our consideration:
 I. [The] Court of Common Pleas erred in failing to address the abuse of the complaint process engaged in by numerous Columbus officials. * * *
 II. [The] Court of Common Pleas erred in failing to review separate but unequal application of standards regarding sidewalk materials. * * *
Dennis and Julie Knepley own and occupy a single-family dwelling at 143 Acton Road in the northern portion of Columbus, Ohio. Someone complained to the City of Columbus that the sidewalk in front of 143 Acton Road is in a state of disrepair. The sidewalk was inspected by a code enforcement officer for the City of Columbus who made a finding that the sidewalk needed to be repaired. A written notice of violation of the Columbus City Code ("C.C.") was provided to the Knepleys.
The Knepleys appealed the notice of violation and submitted arguments asserting that they should be allowed to use pavers to repair their sidewalk instead of Portland cement and that they were being singled out for attention when portions of the sidewalk owned by others were in worse repair. The arguments were not successful before the Housing Appeals Board and were equally unsuccessful in the common pleas court.
C.C. 905.04 provides:
 The maintenance and repair of all sidewalks and driveway entrances shall be done by the use of materials of the same or nearly the same kind as used in the original construction as permitted by current specifications. Sidewalks must be maintained or repaired using Portland cement concrete.
The City of Columbus has a legitimate interest in requiring sidewalks to be made from a consistent material, for safety reasons and for aesthetic purposes. The neighborhood around Acton Road has not been authorized to deviate from the requirements of C.C. 905.04, so the City of Columbus can reasonably enforce the code to cause uniformity of the sidewalks on Acton Road and in the Clintonville-Beechwold area in which it is situated.
The second assignment of error is overruled.
As to the first assignment of error, the Knepleys have not demonstrated illegal selective enforcement. To use an analogous situation for comparison, the fact that thousands of cars are driven over the speed limit on the freeways of Columbus does not give drivers who are ticketed for speeding a valid defense for avoiding their legal duty to operate at a reasonable speed.
Acton Road is a very important street travelling east and west at the entrance to Whetstone Park. A major metropolitan library is situated in the southeast corner of the park. A recreation center and playgrounds are nearby. Children and adults go to the park and library down Acton Road every day. A torn up sidewalk presents a physical danger to the adults and children who walk to the park. The Knepleys have no legal right to refuse to repair their sidewalk because either or both of them suspect the motives or modus operandi of the person who reported them and their sidewalk.
The primary concern expressed by Mr. Knepley at oral argument is a concern that a member of the local neighborhood area commission is taking upon himself the role of amateur code inspector. We understand Mr. Knepley's concern about a member of a neighborhood area commission expanding his or her duties beyond the expected role of a commission member. However, the complaint was independently verified, so the identity of the person who initiated the inspection process does not free Dennis Knepley and/or Julie Knepley from their duty to keep their sidewalk in repair. Stated somewhat differently, the identity of the person who complained is not a legal defense against a clear obligation under the Columbus City Code to keep a sidewalk under repair.
The first assignment of error is overruled.
Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.